**Charles W. CHINN, Sr., and Charles W. Chinn, Jr., Adam Michael Chinn, Lisa Marie Chinn, Cynthia Porter and Burton Porter, by their next friend, Charles W. Chinn, Sr.**

v.

**Otis R. BOWEN, in his Official Capacity as Secretary of the United States Department of Health and Human Services.**

Civ. A. No. 87–94 Erie.

United States District Court,
W.D. Pennsylvania.

Feb. 25, 1988.

---

13. We also find that there is no genuine issue as to any material facts. Fed.R.Civ.P. 56(c).

Margaret M. Eglinton and Edith Benson, Northwestern Legal Services, Meadville, Pa., for plaintiffs.

Albert W. Schollaert, Asst. U.S. Atty., W.D. Pa., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiffs seek through this mandamus action an order 1) declaring Clarence Chinn, a non-party herein, ineligible for Child's Insurance Benefits (CIB) under Title II of the Social Security Act; 2) directing the Secretary of Health and Human Services to halt payments to Clarence; and 3) directing the Secretary to reimburse plaintiff Charles Chinn, Sr.'s account for money distributed to Clarence. Alternatively, plaintiff's ask this Court to remand with directions to the Secretary. Defendant has moved to dismiss, and plaintiffs have moved for summary judgment.

Plaintiff Charles Chinn, Sr. began receiving Social Security disability benefits in approximately 1964 due to blindness. In 1984, at the age of 65, he began receiving old age benefits. As a result of Charles Sr.'s eligibility for benefits, his lawful dependents are entitled to receive monthly CIB drawn on his account. Due to a "family maximum" on the amount of monthly CIB payable to an insured worker's dependents, the amount of monthly benefits paid to each dependent is based upon the number drawing on the account.

On June 4, 1981, Charles Sr.'s wife at the time, gave birth to Clarence. Shortly thereafter, Charles Sr. applied for benefits on Clarence's behalf. On or about October 9, 1981, the Social Security Administration (SSA) made an initial determination finding Clarence entitled to CIB.

In an order dated March 10, 1982, the Court of Common Pleas of Crawford County, Pennsylvania, found that Charles Sr. was not Clarence's father. Shortly thereafter, on March 26, 1982, Charles Sr. requested that the SSA reopen and revise its earlier determination and find Clarence ineligible for CIB from his account. The SSA responded by suspending benefits to Clarence. Some four years later, on or about August 25, 1986, the SSA informed Charles Sr. that it was resuming payments to Clarence.

The only real plaintiffs in interest in this action are Charles Sr.'s other children. When the SSA found Clarence entitled, this entitlement caused a reduction in the CIB payable to them by splitting the family maximum amongst six rather than five dependents. Charles Sr.'s old age benefits are unaffected by the family maximum, and thus he alleges no judicially cognizable cause of action.

Within 60 days of notice of an initial determination, any party able to show that his or her rights are adversely affected can request reconsideration of the determination. 20 C.F.R. §§ 404.908(a) and 404.909(a)(1). In addition, extensions beyond 60 days may be granted where good cause is shown. 20 C.F.R. § 404.909(b). Despite the availability of this procedure, plaintiffs failed to request a reconsideration of the initial determination finding Charles entitled to CIB.

Plaintiffs nevertheless argue that their claim was preserved when Charles Sr. filed a timely request to reopen the initial determination. See 20 C.F.R. §§ 404.987–404.989. The SSA responded to this request by suspending payments to Clarence. Plaintiffs argue that this suspension of benefits constituted a reopening, and that the SSA thereafter misinterpreted and misapplied 20 C.F.R. § 404.991a which provides:

We [SSA] may revise a determination or decision after the applicable time period in § 404.988(a) [within 12 months of notice of initial determination, for any reason] or § 404.988(b) [within four years for good cause] expires if we begin an investigation into whether to revise the determination or decision before the applicable time period expires.

(b) If we have not diligently pursued the investigation to its conclusion ... [w]e will not revise the determination if it will be unfavorable to you.

In resuming payments to Clarence in August of 1986, the SSA relied on § 404.991a

concluding that because it had failed to diligently pursue an investigation over the four years which had elapsed, it therefore could only revise the initital determination if the revision would be advantageous to Clarence. Upon careful review of the regulations, we conclude that the SSA did misinterpret § 404.991a. When the SSA has failed to diligently pursue an investigation, the relevant inquiry under the regulation does not appear to be directed necessarily at the recipient, but rather towards the person who had requested the reopening. Our reading of the regulation leads us to conclude that where there has not been a diligent investigation, it is only when a revision would be favorable to the person requesting it, that a determination should be revised. Such a conclusion appears obvious, since it is the person who requests an investigation who is prejudiced by the SSA's failure to conduct a diligent investigation.

Our conclusion regarding the application of § 404.991a, however, becomes relevant to the facts of this case only if we conclude that the initial determination was properly reopened. Both the plaintiffs and defendant have missed one very important prerequisite to obtaining a reopening. Only a person who was a *party* to a determination or decision may ask that it be reopened. 20 C.F.R. § 404.987(b). Neither Charles Sr. nor any of the children plaintiffs were a party to any previous determination or decision. None of them therefore had standing under § 404.987 to ask for a reopening.

We can only speculate as to why the SSA failed to spot this deficiency. It may well have resulted from their failure to recognize that when Charles Sr. requested the reopening he was acting adversely to Clarence's best interest, and thereby lost his status as a "party". The only way that any of the plaintiffs herein could have achieved status as a "party" under the regulations would have been pursuant to the procedures for reconsideration discussed previously.

The procedures contained in 20 C.F.R. § 404.907 et seq., pertaining to reconsideration of an initital decision, gave plaintiffs ample opportunity for notice and a hearing and as such are sufficient under the Fifth Amendment of the United States Constitution. Plaintiffs failed to avail themselves of that opportunity, and therefore were not entitled to invoke the additional procedures including those pertaining to reopening contained in 20 C.F.R. § 404.987 et seq. Accordingly, we conclude that we lack jurisdiction to review the SSA's determination finding Clarence eligible for CIB. *See* 42 U.S.C. §§ 405(g) and (h).

An appropriate order will be entered.